Robinson, J.
This is an action in mandamus. The petition avers, in substance, that the relator’s husband was injured, in the course of his employment, on February 6, 1920; that his employer had contributed to the state insurance fund; that as a result of that injury her husband was continuously disabled to May 12, 1926; that on that date he died as a result of such injury; that the Industrial Commission awarded the relator compensation from the date of her husband’s death to eight years after the date of his injury, at the rate of $18.75 per week. It being less than the minimum of $2,000, it awarded her that sum, from which it deducted certain payments to or on account of the injured workman, leaving a balance of $1,700.89. The relator claims that she was entitled to receive from the state insurance fnnd the maximum sum of $6,500, less deductions.
The question is raised by a demurrer to the petition, and requires an interpretation of Section 1465-82, General Code, the pertinent portions of which are:
*460 “In case the injury causes death within the period of two years, the benefits shall be in the amount and to the persons following:
“1. * * *
“2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent, of the average weekly wages, not to exceed $18.75 per week in any' case, and to continue for the remainder of the period between the date of the death and eight years after the date of the injury, and not to amount to more than a maximum of six thousand five hundred dollars, nor less than a minimum of two thousand dollars.
“3. * * *
“4. In cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person, and the death is the result of such original injury, compensation shall be paid for such death as though the same had occurred within the two years hereinbefore provided, deducting from the final award therefor the total amount theretofore paid on account of total or partial disability on account of such injury.”
In construing this section, it must be kept in mind that paragraph 4 came into this section by amendment several years subsequent to the enactment of paragraph 2; that until the enactment of paragraph 4 there was no provision for compensation of dependents of workmen who had died more than two years subsequent to the injury causing the death.
It is the contention of the relator that the words of. paragraph 4, “compensation shall be paid for *461 such death as though the same had occurred within the two years hereinbefore provided,” operate to extend the period of payment of compensation to at least six years subsequent to the date of the death of the deceased workman, or to antedate the beginning of the dependent compensation period to at least six years prior to the expiration of the period of eight years from,the date of the injury, and she argues that any other construction must necessarily result in a total denial of any compensation to many dependents of deceased workmen who die at least four years subsequent to the date of the injury, since if such deceased workman receives the maximum compensation of $18.75 per week; for four years he will have received the maximum of $3,900, and, the maximum of the compensation payable to a dependent for four years being $3,900, and the requirement of paragraph 4 that “the total amount theretofore paid on- account of total or partial- disability on account of such injury” be deducted from the final award to the dependent, all compensation to such dependents would therefore be defeated; that such a construction results in a discrimination against the dependents of a workman dying more than two years subsequent to the date of ids injury; that there runs through the whole workmen’s compensation act an apparent purpose to award compensation to injured workmen and the dependents of deceased workmen in a harmonious and, as far as possible, an equal compensation in proportion to the average weekly wage; and that this court ought to so construe paragraph 4 as to carry out such apparent purpose.
We have undertaken to so construe paragraph 4 *462 as to preserve the harmony and equal proportion of compensation, and have found it to be utterly impossible unless we boldly invade the field of legislation and make the section read as we think it should read, rather than as it does read. By no process of construction could we equalize the compensation of a dependent whose deceased workman died two years and one day after the date of his injury with the compénsation of a dependent whose deceased workman died within the two-year period, for there is no deduction from the compensation of a dependent of a deceased workman who dies within the two-year period, while for a dependent of a deceased, workman who dies more than two years subsequent to the injury paragraph 4 specifically provides for a deduction from the final award of the total amount theretofore paid to the decedent for total or partial disability, the maximum of which would be approximately $2,000.
It is true in the instant case no such situation arose, the deceased workman having received but a comparatively small sum during the six years intervening between the date of his injury and the date of his death; but such a case is the exception rather than the rule.
If we were to attempt to construe the words of paragraph 4, “as though the same had occurred within the two years,” as fixing the period during which compensation should be paid to a dependent, we would be confronted with the problem of determining whether we should fix the period when such compensation to a dependent should begin to be paid at the date of the injury, or at the expiration of the two years; or whether we should fix it at halfway *463 between; or whether we should extend it beyond the eight-year period two years, or some other number of years, up to eight additional years, any one of which periods would necessarily have to be fixed arbitrarily and would be legislative. If it was the intention of the Legislature to provide for the payment of compensation to a dependent of a deceased workman dying more than two years after his injury for the full period of eight years, it is difficult to believe that the Legislature would not have employed the four or.five simple words necessary to express that purpose rather than the involved and ambiguous language it did employ, and, since the right to compensation at all is wholly statutory, the courts are without power to read into the statute a right that the Legislature has not yet created.
We quite agree with the relator that the construction put upon paragraph 4 by the Industrial Commission, that that paragraph contemplates an award of compensation to the dependent of a deceased workman for the remainder of the period between the date of the death and eight years after the date of the injury, at a maximum of $18.75 per week, with a deduction from such award of the total amount theretofore paid to the deceased on account of total or partial disability, works a discrimination against the dependents of workmen dying more than two years after the date of the injury, and calls for further consideration and clarification by the Legislature; but we are driven to the conclusion that that section of the statute either requires such an interpretation or a declaration that it is wholly unworkable because wholly unintelligible.
The petition does not contain sufficient allegations *464 with reference to the expenditure of $150 for medical expense to state a cause of action.

Demurrer sustained.

Marshall, C. J., Kinkade, Jones, Matthias, Day and Allen, JJ., concur.